## APPEAL OF BAINBRIDGE W. BURDICK.

Docket No. 2966.     Decided September 22, 1926.

*Louis F. O'Neil, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, for the Commissioner.

GREEN: For the years 1920 and 1921 the Commissioner determined deficiencies in income tax aggregating $3,392.51. There is in controversy in this appeal only so much of the deficiency for 1921 as arises from the disallowance of bad debts claimed as a deduction.

### FINDINGS OF FACT.

Bainbridge W. Burdick, the petitioner herein, was, during the year in question, the president of the O. H. Stacy Amusement Co., of Albany, N. Y., in which company he held 70 per cent of the issued capital stock.

On July 8, 1920, the Empire Real Estate & Theatre Co. leased to the Stacy Company a certain theatre building in the City of Glens Falls for a term of ten years from the first day of August, 1920. It was provided that for the first five years the lessee should pay in advance a rental of $500 per month and for the remainder of the term a rental of $600 per month. There were also additional covenants by the lessee to be paid, kept and performed with respect to maintenance, repairs, redecorating, etc. The petitioner at the same time, as an additional assurance of the performance of the terms of the lease, executed a written agreement which contained the following clause:

If any default shall be made therein I do hereby promise and agree to pay unto Empire Real Estate & Theatre Company any deficiency and fully satisfy the conditions of said agreement.

The Stacy Company procured a lease of the Majestic Theatre at Albany. The evidence does not disclose the term or rental of this lease. The petitioner executed as to it an agreement similar to that above quoted.

The Stacy Company operated at a loss and the petitioner during the year in question advanced to it out of his own funds the sum of $47,525.12. The money so received by the company was used by

it in the payment of rentals, salaries, current expenses, and the cost of repairs and redecorating.

So far as the record discloses the company was never successful. The petitioner, at the time he advanced the money to it, expected that at some time in the future it would be able to repay him. Finally, in February, 1925, the company ceased operations entirely. One lease was taken over by one Buckley and the other by O. H. Stacy, a stockholder in the Stacy Company. In neither instance did the company receive any consideration for the assignment of the leases. At the cessation of operations the company was involved in litigation over claims against it aggregating over $5,000.

Separate books of account were kept for each of the theatres and these were produced at the trial. There is no evidence that the petitioner kept any books or that, during the year in question, he made any sort of charge-off of the amounts advanced, nor does the evidence disclose an ascertainment of worthlessness in that year.

*Judgment for the Commissioner.*